## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## FLORENCE DIVISION

| | | |
|---|---|---|
| Raymond Patino, | ) | |
| | ) | C.A. No. 4:10-cv-00770-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Allstate Insurance Company, | ) | **ORDER AND OPINION** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Defendant Allstate Insurance Company's ("Allstate") Motion to Dismiss, or in the Alternative Motion for Judgment on the Pleadings, or in the Alternative Motion for Summary Judgment [Doc. # 4]. Specifically, Allstate asserts that Plaintiff Raymond Patino ("Plaintiff") may not maintain an action alleging breach of contract and insurance bad faith on a claim for underinsured motorist benefits where Plaintiff obtained judgment against the at-fault motorist, but that judgment did not exceed the liability insurance limits previously paid to the Plaintiff.

### FACTUAL BACKGROUND

Plaintiff was insured under an Allstate Policy of automobile insurance when he was involved in an accident on March 2, 2006. Plaintiff alleged that the tortfeasor was negligent in causing this accident and that he was injured as a result of her negligence. The tortfeasor was insured by Nationwide Insurance Company with liability insurance limits of Fifteen Thousand dollars ($15,000.00) per person. Nationwide tendered the policy limits in exchange for a covenant not to execute, and Plaintiff filed suit against the tortfeasor to pursue underinsured motorist benefits pursuant to S.C. Code Ann. § 38-77-160 ("UIM Statute"). Allstate appeared and defended the tort

1

action, *Raymond Patino v. Lavonda Joseph*, 2008-CP-21-1235 ("tort action"), pursuant to the UIM statute. The case proceeded to trial and the jury awarded Plaintiff total damages of Three Thousand Seventy-two ($3,072.00) Dollars. The court denied Plaintiff's post-trial motions and entered judgment on the verdict.

Plaintiff filed the present action on February 16, 2010, in the Court of Common Pleas for Florence County, State of South Carolina, alleging breach of contract and bad faith refusal to pay an insurance claim. Defendant removed the action to this court on the basis of diversity jurisdiction and promptly filed this motion to dismiss and for alternative relief.

## LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment may be granted where the nonmoving party fails to make a sufficient showing on an essential element of his case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In opposing such a motion, the nonmoving party "may not rest upon mere allegations or denials," but must produce sufficient evidence reasonably to support a verdict in its favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A mere scintilla of evidence will not support the denial of summary judgment. *See Catawba Indian Tribe v. South Carolina*, 978 F.2d 1334, 1339 (4th Cir. 1992).

## DISCUSSION

2

To recover for a breach of contract a plaintiff must demonstrate: (1) the existence of a binding contract entered into by the parties; 2) breach of the contract; and 3) damages directly and proximately caused by the breach. *Fuller v. Eastern Fire & Casualty Ins. Co.*, 240 S.C. 75, 89, 124 S.E.2d 602, 610 (1962).  To prevail on an action for bad faith refusal to pay benefits under an insurance contract, an insured must show (1) the existence of a mutually binding contract of insurance between plaintiff and defendant; (2) refusal by insurer to pay benefits due under contract; (3) insurer's bad faith or unreasonable action in breach of an implied covenant of good faith and fair dealing arising on contract; and (4) damage to insured.  *See Crossley v. State Farm Mut. Auto. Ins. Co.*, 307 S.C. 354, 359-60, 415 S.E.2d 393, 396-97 (1992). Under South Carolina law, an insured may recover under an uninsured motorist endorsement on a policy only after first establishing the legal liability of the uninsured motorist.  *See Lawson v. Porter*, 256 S.C. 65, 69, 180 S.E.2d 643, 644 (1971); *Vernon v. Harleysville Mut. Cas. Co.*, 244 S.C. 152, 159, 135 S.E.2d 841, 844 (1964); *and Laird v. Nationwide Insurance Co.*, 243 S.C. 388, 394, 134 S.E.2d 206, 209 (1964).  "[I]n cases of liability where it is clear that damages have been suffered by the insured that are greatly in excess of the tortfeasors' policy limits, the underinsured carrier may have a duty to make a settlement offer prior to its insured obtaining a judgment against, or exhausting the policy limits of, the tortfeasor." *See Myers v. State Farm Mut. Auto. Ins. Co.*, 950 F. Supp. 148, 151 (D.S.C. 1997).  However, if there is a final judgment awarding the insured less than the tortfeasor's policy limits, the insured is not entitled to underinsurance benefits.  *See Sessions v. Withers*, 327 S.C. 409, 417, 488 S.E.2d 888, 892 (Ct. App. 1997) (noting that where an insured received a verdict of only $600, she was not entitled to any underinsurance benefits).

3

Plaintiff settled his claim with the tortfeasor for the primary policy limits of Fifteen Thousand dollars ($15,000.00). In pursuing his claim for additional compensation under the underinsured motorist endorsement of Plaintiff's policy, Plaintiff obtained a total jury verdict for his damages arising from the accident in the amount of Three Thousand Seventy-Two dollars ($3,072.00). Because the damages awarded by the jury were less than the tortfeasor's policy limits, Plaintiff was not entitled to underinsurance benefits. Therefore, no benefits were ever due under the Allstate policy and Plaintiff cannot meet his burden of demonstrating essential elements of the breach of contract and bad faith claims - that the insurer breached the contract or that the insurer refused to pay **benefits due under contract**.

Accordingly, Defendant's Motion to dismiss, or in the Alternative Motion for Judgment on the Pleadings, or in the Alternative Motion for Summary Judgment [Doc. # 4] is **GRANTED**.

**IT IS SO ORDERED.**

s/ J. Michelle Childs
United States District Judge

January 6, 2011
Greenville, South Carolina

4